IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| KENNETH COOK, | ) | 1:25-CV-00150-RAL |
| Plaintiff | ) | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| vs. | ) | |
| MS. SNYDER, | ) | OPINION ON DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT |
| Defendant | ) | RE: ECF NO. 15 |

## I. Introduction

Plaintiff Kenneth Cook, an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), brings this civil rights action against Defendant Staci Snyder, a Nurse Practitioner employed by the DOC. In his lone claim for relief, Cook alleges that Snyder violated his Eighth Amendment right to be free from cruel and unusual punishment by displaying deliberate indifference to his serious medical needs. ECF No. 8. Snyder has moved to dismiss Cook's Complaint. ECF No. 15. In support of dismissal, she both challenges the sufficiency of Cook's pleading and raises his alleged failure to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *Id.*

Because Snyder's exhaustion defense relies on exhibits that were not attached to Cook's pleading, the Court, upon reviewing her motion, ordered her to comply with LCvR 56(B), including its requirement that she file a concise statement of material facts. ECF No. 17. Snyder filed a concise statement of material facts shortly thereafter. ECF No. 19. The Court then entered a response order informing Cook that Snyder's motion "may be treated, either in whole or in part, as a motion for summary judgment under Federal Rule of Civil Procedure 56." ECF No. 20 (citing *Renchenski v. Williams*, 622 F.3d 315 (3d Cir. 2010)). The Court advised Cook that "in treating the motion to dismiss as a motion for summary judgment, the motion will be evaluated under the standard set forth in Rule 56 of the Federal Rules of Civil Procedure" and that Cook's response, accordingly, could include exhibits, counter-affidavits, or other relevant evidence. *Id.* The Court also provided Cook with a copy of Rule 56. *Id.*

Cook filed a response brief, *see* ECF No. 24, but failed to submit a responsive concise statement of material facts or supply exhibits or evidence. Snyder filed a reply brief on February 4, 2026. ECF No. 25. As such, this matter is ripe for adjudication.

II. Material Facts

In his pleading, Cook alleges that he was scheduled to attend a biopsy with a urologist at an outside hospital in June 2024. ECF No. 8 at p. 5. Although he was instructed to receive a prophylactic antibiotic before the procedure, Snyder forgot to enter the order. *Id.* As a result, Cook's procedure had to be moved to another date.

Cook maintains that this "caused [him] pain" and "continues to cause [him] pain." *Id.* He also suggests that he is not being treated for "existing cancer," although he does not provide any details. *Id.*

Based on this incident, Cook filed Grievance Number 1094765 on June 24, 2024. ECF No. 19 ¶ 2. Cook explained that Snyder's failure to provide the prophylactic antibiotic had led to his procedure being cancelled and accused her of negligence, medical malpractice, and deliberate indifference. *Id.* ¶ 3. Notably, Cook did not request any relief in his grievance. ECF No. 19-1 at p. 5.

On July 1, 2024, the assigned Grievance Officer, Kim Smith, upheld Cook's grievance. ECF No. 19-1 at p. 6. Smith acknowledged that Snyder had erred in failing to enter the order for Cook's antibiotic and noted the need to reschedule the procedure. *Id.* Smith directed the clinical director of the facility to expedite a rescheduled appointment on Cook's behalf. *Id.* Although she upheld the grievance, Smith concluded that "[t]here has been no serious outcome due to this delay." *Id.*

Cook appealed, arguing that he was entitled to $2,000,000.00 in punitive damages because of Snyder's error. *Id.* at p. 12. His request for relief was denied by both the Facility Manager and the Secretary's Office of Inmate Grievances and Appeals (SOIGA) because, in part, Cook had failed to include his request for monetary damages in his initial filing. *Id.* at pp. 1, 10.

III. Standard of Review

Federal Rule of Civil Procedure 56(a) requires the court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond his pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material

facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Further, under Rule 56, a defendant may seek summary judgment by pointing to the absence of a genuine fact issue on one or more essential claim elements. The Rule mandates summary judgment if the plaintiff then fails to make a sufficient showing on each of those elements. When Rule 56 shifts the burden of production to the nonmoving party, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. *See Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

Finally, because Plaintiff is proceeding pro se, the allegations of his complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a pro se litigant's pleadings to state a valid claim upon which relief can be granted, it must do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

IV. Discussion

Snyder seeks summary judgment based on Cook's failure to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). This defense is a threshold matter that must be addressed before the Court can evaluate the sufficiency of Cook's Eighth Amendment claim. *See Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 304-05 (3d Cir. 2020) (explaining that once a defendant properly raises exhaustion, the district court must consider it as a threshold matter).

In broad brush, the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) (the "PLRA"), requires a prisoner to exhaust any available administrative remedies before he may bring an action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the statute requires "proper exhaustion," meaning that a prisoner's completion of the administrative review process must also satisfy the applicable procedural rules of the prison's grievance system. *Fennell v. Cambria County Prison*, 607 Fed. Appx. 145, 149 (3d Cir. 2015). A procedurally defective administrative grievance, even if pursued to final review, precludes action in federal court. *Id.* Failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be pleaded and proven by defendants. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

The grievance system utilized in Pennsylvania's prison system requires inmates to satisfy a three-step grievance and appeals process. *See* Grievance System Policy DC ADM-804; *Smith v. Sec. of Pa. Dept. of Corrections*, 2018 WL 279363, at *2 (W.D. Pa. Jan. 3, 2018). First, the inmate must "legibly set forth all facts and identify all persons relevant to his claim in a grievance which will then be subject to 'initial review.'" *Smith*, 2018 WL 279363, at *2 (citing *Spruill v. Gillis*, 372 F.3d 218, 233 (3d Cir. 2004)). Second, the initial review must be appealed to the Facility Administrator for a second level of review. *Id.* Finally, "the inmate is required to file an appeal to the Secretary's Office of Inmate Grievances and Appeals ("the Secretary's Office")." *Id.* Once these three steps have been satisfied, a grievance has ordinarily been administratively exhausted for purposes of the PLRA.

Apropos to the instant case, however, DC-ADM 804 contains an additional requirement: that an inmate who "desires compensation or other legal relief normally available from a court" must "request the relief with specificity in his/her initial grievance." DC-ADM 804 Inmate Grievance System Procedures Manual (DC-ADM 804), at § 1(A)(11)(d); *Wright v. Sauers*, 2017 WL 3731957 (W.D. Pa. Aug. 30, 2017); *Spruill*, 372 F.3d 218. Courts characterize the satisfaction of this requirement as "proper exhaustion." *Smith*, 2018 WL 279363, at *3 (noting that a grievance must be fully exhausted to final review *and* "properly exhausted" with respect to remedy).[1] Pursuant to this requirement, an inmate is precluded from seeking legal relief in a

[1] Conversely, an inmate's failure to properly exhaust his request for relief has been described as a form of procedural default. *See, e.g.*, *Wright*, 3731957, at *6 (characterizing a failure to specifically request monetary damages in an otherwise fully-exhausted grievance as "giv[ing] rise to procedural default").

lawsuit, including monetary damages, if the inmate did not request that same relief in his initial grievance (even if that grievance might otherwise be deemed exhausted). *See, e.g.*, *Wright v. Sauers*, 729 Fed. Appx. 225, 227 (3d Cir. 2018) (affirming order granting summary judgment based on lack of proper exhaustion where plaintiff failed to request monetary relief on his initial grievance form as required by DC-ADM 804).

In support of her exhaustion defense, Snyder has produced the entire administrative record for Grievance Number 1094765. ECF No. 16-2. She has also supplied an affidavit from Keri Moore, a SOIGA officer, attesting to the accuracy of Cook's grievance history. ECF No. 16-3. A review of Cook's initial grievance makes plain that he did not request any form of compensation. *See* ECF No. 16-2 at p. 5. Indeed, Cook appears to concede this issue in his response. ECF No. 24 at p. 8 (explaining that the only relief he requested in his initial grievance was "admission of negligence, medical malpractice, and deliberate indifference").

Cook's failure to create a material dispute concerning his alleged request for compensation precludes him from seeking it here. *See, e.g.*, *Wright*, 729 Fed. Appx. at 227 ("[T]he Prison's policy required Wright to specifically request monetary relief in his initial grievance. Because [he] failed to do so, he defaulted his claim for money damages."); *Hobson v. Tiller*, 2021 WL 2191282, at *7 (W.D. Pa. May 6, 2021) ("Courts within the Third Circuit have [held] that an inmate procedurally defaults any claim for monetary relief if he did not seek such relief in his grievance.") (internal quotation and quoting source omitted). While Cook's inability to pursue his § 1983 claim because of a procedural violation may appear harsh, this outcome is compelled by

precedent. *Wright*, 729 Fed. Appx. at 227; *Hobson*, 2021 WL 2191282, at *7. It is also consistent with two of the underlying purposes behind the exhaustion requirement: placing the agency on notice "of the prisoner's demand or valuation of his or her claim" and avoiding unnecessary litigation "by supporting early settlement or accommodation." *Wright*, 2017 WL 3731957, at *7. *See also Woodford v. Ngo*, 548 U.S. 81 (2006) (proper exhaustion permits claims to be "resolved much more quickly and economically in proceedings before an agency than in litigation in federal court."). Indeed, those underlying goals are particularly relevant in cases such as this, where the administrative process produced a decision in Cook's favor. Under such circumstances, the prison might have been able to accommodate Cook's request at the administrative level, precluding the need for the instant lawsuit, had Cook tendered his "demand or valuation of his . . . claim." *Wright*, 2017 WL 3731957, at *7. *See also* ECF No. 16-2 at 1 (upholding Cook's grievance but explicitly noting the lack of a request for compensatory or injunctive relief in the initial grievance). His failure to do so prevented the prison from potentially awarding the precise relief that Cook sought when he filed this lawsuit.

In short, the PLRA requires this Court to apply the prison's available administrative exhaustion rules, however stringent, and those rules expressly and unambiguously direct an inmate who desires compensation to request it in his initial grievance. Cook's failure to do so precludes this Court from granting any relief here. Snyder's motion for summary judgment should be granted on this basis.

V. Conclusion

For the foregoing reasons, Snyder's motion to dismiss will be converted to a motion for summary judgment and granted based on Cook's failure to properly exhaust his claim. An appropriate order will follow.

Dated this 31st day of August, 2026.

BY THE COURT

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE